**UNITED STATES of America, Plaintiff,**

v.

**William Leonard PICKARD and Clyde Apperson, Defendants.**

**No. 00–40104–01/02–RDR.**

United States District Court,
D. Kansas.

Dec. 23, 2002.

William K. Rork, Mark L. Bennett, Jr., Bennett, Hendrix & Moylan, L.L.P., Topeka, KS, for Defendant.

Gregory G. Hough, U.S. Attorneys, Topeka, KS, for Plaintiff.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

On December 17, 2002, the court held a pretrial conference pursuant to the Classified Information Procedures Act, 18 U.S.C.App. III §§ 1 et seq. In the hours prior to the pretrial conference, defendant Pickard filed two motions. The court also considered those motions during the pretrial conference. The purpose of this memorandum and order is to memorialize the rulings made by the court during the pretrial conference.

■ The fundamental purpose of CIPA is to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial. *United States v. O'Hara,* 301 F.3d 563, 568 (7th Cir.2002). "Classified information" is "any information or material that has been determined by the United States Government pursuant to Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security and any restricted data, as defined in paragraph r. of section 11 of the Atomic Energy Act of 1954 (42 U.S.C.2014(y))." 18 U.S.C.App. III § 1.

Prior to the pretrial conference, the court had directed Pickard to be prepared to identify for the court the classified information that he intended to present at trial. At the conference, Pickard indicated that he intended to present only those materials that had been previously supplied to the government and to the court. These materials dealt with Operation Infrared, a plan by the United States Department of Customs to target Afghanistan General Abdul Rashid Dostum who had been heavily involved in heroin trafficking for a number of years. The materials consisted primarily, if not entirely, of documents that Pickard had sent to various governmental agencies proposing his assistance in this operation.

■ In response to Pickard's indication of what materials he proposed to introduce at trial, the government stated that it has no information that any of these materials are classified. Accordingly, in light of the government's position, the court finds it unnecessary to preclude any of the evidence sought to be introduced by Pickard. CIPA involves only the introduction of classified information, and there is no indication that any of the documents that Pickard seeks to admit are classified.

The government did, however, again vigorously contend that the defenses offered by Pickard are irrelevant to the charges in this case. The court would be the first to agree that the connection between Operation Infrared and the charges in this case, at least as we presently understand it, are tenuous. Nevertheless, the court believes that Pickard has articulated sufficient information to avoid exclusion of his defenses prior to trial. At trial, the court will

again carefully examine the evidence offered by him and determine what defenses may be considered by the jury.

Prior to the pretrial conference, Pickard filed a motion entitled "Supplemental Motion For Discovery To Assist The Prosecution In Complying With Previous Discovery Requests And As Per CIPA Statutory Compliance." In this motion, which was filed less than four weeks prior to the start of the trial of this case, the defendant seeks considerable discovery related to Operation Infrared, fenatyl manufacturing, and other matters. As we noted in our order of November 26, 2002, Pickard's sudden desire to seek discovery on these issues cannot be allowed. The court carefully detailed the background in this case in that order and noted that Pickard had never sought any of this information prior to the hearing on November 8, 2002. The court is not willing to bar his late efforts at articulating a defense, but we will not condone his untimely efforts at discovery. All of these matters are information that could have been, and should have been, sought much earlier in the case. Some of the requests are such that the court would not have granted them even if they had been made in a timely fashion.

The court does find it necessary to make one additional comment concerning Pickard's supplemental motion for discovery. In the motion he states that he sent a set of documents to some 32 governmental agencies concerning Operation Infrared in early 2002. He wants the government to contact each of those agencies and determine if anything ever occurred at those agencies as a result of his mailings. The court finds this request preposterous. The court is at a loss as to how some mailings made by Pickard some fifteen months after the alleged incident that forms the basis of the charges in the indictment are relevant here. The court has been lenient in allowing Pickard to proceed with his designated defenses, but this approach appears to go beyond even what the court anticipated.

Pickard's retained defense counsel also filed a motion to be "appointed" as Pickard's attorney. He noted that funds for his services have been "assured" by Pickard, but that they have not been forthcoming. Counsel also submitted an affidavit from Pickard indicating that he did have the funds necessary to pay for retained counsel.

Given these circumstances, the court shall appoint William K. Rork to represent Pickard. This decision will allow for continuity of counsel and allow the court to proceed with the trial as scheduled on January 13, 2003. The date of the appointment shall be December 17, 2002. From December 17, 2002 to the conclusion of this matter, the court shall consider Pickard as indigent.

**IT IS THEREFORE ORDERED** that defendant's supplemental motion for discovery (Doc. # 227) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's counsel's application for counsel to be appointed (Doc. # 226) be hereby granted. The court shall appoint William K. Rork to represent defendant Pickard from December 17, 2002 to the conclusion of the case.

**IT IS SO ORDERED.**